NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAK NAE KU, )<br>　　　　　　Petitioner, )<br>　vs. )<br>SCOTT KERNAN, Warden, )<br>　　　　　　Respondent. ) | No. C 04-1616 PJH (PR)<br><br>DENIAL OF CERTIFICATE OF APPEALABILITY<br><br>(Doc 9) |

　　　　This is a habeas case under 28 U.S.C. § 2254 filed pro se by a state prisoner. The respondent's motion to dismiss the case as barred by the statute of limitations was granted. Petitioner has filed a notice of appeal and a motion for a certificate of appealability.

　　　　A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. See id. § 2253(c)(3).

　　　　"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000). On the other hand, "[d]etermining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the

underlying constitutional claims and one directed at the district court's procedural holding." Id. at 1603.  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.  As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Id.  Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here.  See id.

In response to the respondent's motion to dismiss, petitioner conceded that his petition was filed after the statute of limitations had expired.  He contended, however, that because his conviction was a fundamental miscarriage of justice, the petition was not barred.  The possibility that the statute of limitations can be avoided by showing that the petitioner's conviction was a fundamental miscarriage of justice has been discussed in dictum and with apparent approval by the United States Court of Appeals for the Ninth Circuit.  Majoy v. Roe, 296 F.3d 770, 776-77 (9th Cir. 2002).    This court assumed for purposes of the ruling that a miscarriage of justice exception exists, but rejected petitioner's contention that he was entitled to it.  His actual innocence claim was mostly a contention that the testimony of the victim was not to be believed, an issue resolved against him by the jury.  The court noted that although the points petitioner made about the weaknesses in the victim's testimony might have some modest weight, they were not so strong that no reasonable juror could have found him guilty.

Petitioner's one contention which was not presented to the jury was that the victim accused him in order to get him out of the way so she could rob his room of a

large amount of cash he had brought back from a "business trip." He contended that she knew he often had such large cash sums because he had told her so, and that after he was arrested she bought a house and clothes with money that was not "accounted for." These allegations were not in proper form, being made in an opposition written by another prisoner and not supported by an affidavit or declaration from petitioner himself. In addition, petitioner did not explain why he concluded the victim's money was not accounted for, and stated that he would refuse to provide any further details out of fear of his business associates. That is, even if this contention had been presented in proper form, it would have been insufficient to show actual innocence, because petitioner would not have presented facts to establish that the victim suddenly came into unexplained money, and thus have failed to provide the necessary basis for an inference that she must have robbed him.

In short, petitioner did not establish that there was a miscarriage of justice, and reasonable jurists would not find the court's procedural ruling debatable. Petitioner's request for a certificate of appealability (doc 9) is DENIED.

The clerk shall transmit the file, including a copy of this order, to the Court of Appeals. See Fed. R.App.P. 22(b); United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997). Petitioner may then ask the Court of Appeals to issue the certificate, see R.App.P. 22(b)(1), or if he does not, the notice of appeal will be construed as such a request, see R.App.P. 22(b)(2).

IT IS SO ORDERED.

DATED: June 22, 2005.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.04\KU616.COA

3